IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FOREMOST INSURANCE COMPANY, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| LUIS RODRIGUEZ, A MINOR BY | : | |
| MIGUEL A. RODRIGUEZ, et al., | : | No. 19-360 |
| Defendants. | : | |

**MEMORANDUM**

**Schiller, J.**                                                                                                                                         **July 11, 2019**

Luis, Daniel, and Miguel Rodriguez sued Tatiana and Vladimir Mechkova in state court after suffering from carbon monoxide poisoning on the Mechkovas' property. The Mechkovas requested a defense and indemnification from Foremost Insurance Company based on an insurance policy that covered bodily injuries caused by an accident on the premises.

This declaratory judgment action filed by Foremost concerns whether a pollutant exclusion provision in the policy relieves it from defending against the Rodriguezes' lawsuit. Before the Court are motions to dismiss for failure to state a claim filed by the Mechkovas and the Rodriguezes. Because similar pollutant exclusion provisions have relieved insurers from defending against lawsuits for carbon monoxide-related injuries, Foremost has stated a claim for relief. Therefore, the Court will deny both motions to dismiss.

**I. BACKGROUND**

    **A. Underlying State Court Lawsuit**

This action is related to a state court lawsuit that the Rodriguezes filed against the Mechkovas, their landlords. Miguel Rodriguez, father of minors Luis and Daniel, moved to the Mechkovas' property around June 2017. (Compl., Ex. A [State Court Compl.] ¶¶ 1-7, 21, 26.) When the Rodriguezes moved to the Mechkovas' property, they immediately experienced

1

problems with the heating system, including a gas smell. (*Id.* ¶¶ 35-36.) To fix the problem, the Rodriguezes submitted maintenance requests to the Mechkovas. (*Id.* ¶ 35.)

The Mechkovas refused to repair the heating system. (*Id.* ¶¶ 37-40.) In December 2017, the Rodriguezes "began feeling lightheaded, confused, and sick while in [the Mechkovas' property]." (*Id.* ¶ 42.) Due to their symptoms, the Rodriguezes went to the hospital via an ambulance. (*Id.* ¶ 44.) At the hospital, the Rodriguezes were admitted overnight and "diagnosed with having suffered from prolonged exposure to carbon monoxide and severe carbon monoxide poisoning." (*Id.* ¶¶ 45-46.)

After the hospital discharged the Rodriguezes, they returned to the Mechkovas' property and "determine[d] that the poisonous gases were leaking from appliances within [the property]." (*Id.* ¶¶ 48-49.) Following the incident, Philadelphia Gas Works visited the property, deemed the heater unsafe, and instructed the Mechkovas to replace the heater and gas lines within the property. (*Id.* ¶¶ 52-53.)

As a result, the Rodriguezes asserted negligence claims against the Mechkovas in the Philadelphia Court of Common Pleas. (*Id.* ¶¶ 63-72.)

### B. Mechkovas' Insurance Agreement

The Mechkovas sought coverage from Foremost under a policy issued by Foremost to Tatiana Mechkova. (Compl. ¶ 10.) The policy provided that "[i]f a claim is made or a suit is brought against [the insured] for damages because of *bodily injury* or *property damage* caused by an accident on [the insured's] *premises*," Foremost would "[p]ay up to the Limit of Liability" and "[p]rovide a defense." (*Id.*, Ex. B, Form 11001 03/06 at 9.)

The policy also provided, however, that Foremost would not pay for bodily injury or property damage "[a]rising out of the actual, alleged or threatened discharge, dispersal, release, escape of, or the ingestion, inhalation or absorption of *pollutants*." (*Id.* at 10.) Under the policy,

pollutant is defined as "any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals, metals, lead paint components and compounds, and waste. . . . However, irritants and contaminants released by accidental fire on [the insured's] *premises* are not a *pollutant*." (*Id.* at 2.)

Based on the pollutant exclusion provision, Foremost requests that the Court enter a judgment that it owes neither a duty to defend nor a duty to indemnify for the underlying state court lawsuit. The Rodriguezes and Mechkovas moved to dismiss for failure to state a claim.

## II. STANDARD OF REVIEW

In reviewing a motion to dismiss for failure to state a claim, a district court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the non-moving party. *See Powell v. Weiss*, 757 F.3d 338, 341 (3d Cir. 2014). To survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

"In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010); *see also MDNet, Inc. v. Pharmacia Corp.*, 147 F. App'x 239, 242 (3d Cir. 2005) ("A court may consider undisputedly authentic exhibits attached to a complaint without converting a motion to dismiss into a motion for summary judgment.").

## III. DISCUSSION

The obligation to provide a defense under an insurance policy is contractual. *See Post v. St. Paul Travelers Ins. Co.*, 691 F.3d 500, 517 (3d Cir. 2012). "[T]he rules of contract interpretation provide that the mutual intention of the parties at the time they formed the contract governs its interpretation." *Am. & Foreign Ins. Co. v. Jerry's Sport Ctr., Inc.*, 2 A.3d 526, 540 (Pa. 2010). Intent is "inferred from the written provisions of the contract. If doubt or ambiguity exists it should be resolved in insured's favor." *Id.* at 541. If, however, "the language of an insurance contract is clear and unambiguous, a court is required to enforce that language." *Med. Protective Co. v. Watkins*, 198 F.3d 100, 103 (3d Cir. 1999). Since "ambiguity . . . is to be determined by reference to a particular set of facts," courts interpreting pollutant exclusion provisions "focus on the specific product at issue." *Madison Const. Co. v. Harleysville Mut. Ins. Co.*, 735 A.2d 100, 107 (Pa. 1999).

The initial burden of establishing insurance coverage is on the insured. *Liberty Surplus Ins. Corp. v. McFaddens at Ballpark LLC*, 116 F. Supp. 3d 447, 455 (E.D. Pa. 2015). When deciding "whether a claim against an insured is potentially covered by an insurance policy," courts only "compar[e] the four corners of the insurance contract to the four corners of the complaint." *Am. & Foreign Ins. Co.*, 2 A.3d at 541. Courts construe the underlying complaint against the insured in the insured's favor, taking the factual allegations as true. *Id.*

If the insurer establishes that the claim potentially falls within the scope of the policy's coverage, the burden shifts to the insurer to demonstrate that a policy exclusion applies to the particular harm. *Liberty Surplus Ins. Corp.*, 116 F. Supp. 3d at 455. Such exclusions, however, "are strictly construed against the insurer." *Bhd. Mut. Ins. Co. v. Salem Baptist Church of Jenkintown*, 985 F. Supp. 2d 624, 631 (E.D. Pa. 2013). If the insurer satisfies its burden of proving an exclusion to the coverage, "the insured bears the burden of proving an exception to that

4

exclusion." *Foremost Ins. Co. v. Nosam, LLC*, 343 F. Supp. 3d 448, 454 (E.D. Pa. 2018). In those cases, the court may consider extrinsic evidence. *Id.* at 455.

Here, the Mechkovas had an insurance policy with Foremost that covered damages for bodily injury on the premises, but the policy contained a pollutant exclusion provision. The Rodriguezes rented the premises from the Mechkovas and allegedly suffered bodily injury: gas poisoning. Thus, Foremost's duty depends on whether the substance that poisoned the Rodriguezes is a pollutant.

Based on the Rodriguezes' underlying complaint, the specific substance at issue is carbon monoxide. The Rodriguezes allege "suffer[ing] from prolonged exposure to carbon monoxide and severe carbon monoxide poisoning." (State Court Compl. ¶ 46.) Without amending their complaint, the Rodriguezes attempt to recast the allegations by stating that "Carbon Monoxide posing [sic] was caused by a buildup of Natural Gas itself, and not a byproduct of its ignition." (Rodriguez Defs.' Mem. of Law in Supp. of Mot. to Dismiss at 9.) Similarly, the Mechkovas try redefining the Rodriguezes' allegations by stating that the claims are "based upon alleged exposure to carbon monoxide and natural gas." (Mechkova Defs.' Mem. of Law in Supp. of Mot. to Dismiss at 6.)[1] However, the Rodriguezes never mentioned natural gas in the state court allegations and the Court is limited by the language in the state court complaint. The Court will not make decisions "based on the mere possibility that at some point in the future, the underlying plaintiff may amend his or her complaint to allege a potentially covered claim." *State Farm Fire & Cas. Co. v. Scalia*, Civ. A. No. 14-0049, 2014 WL 6982926, at *7 (M.D. Pa. Dec. 9, 2014). At this point, the

---

[1] Because the Mechkovas motion and memorandum are not page numbered, the Court cites to page numbers assigned by ECF.

5

Rodriguezes have only alleged suffering from exposure to carbon monoxide and carbon monoxide poisoning.

Although carbon monoxide is not expressly included in the policy's definition of pollutant, "Pennsylvania courts . . . routinely find substances not expressly included in the provision to be pollutants." *Travelers Prop. Cas. Co. of Am. v. Chubb Custom Ins. Co.*, 864 F. Supp. 2d 301, 311 (E.D. Pa. 2012). Courts have interpreted similar pollution exclusion provisions and concluded that carbon monoxide is unambiguously a pollutant. *See, e.g.*, *Matcon Diamond, Inc. v. Penn Nat. Ins. Co.*, 815 A.2d 1109, 1113-14 (Pa. Super. Ct. 2003). In fact, another court recently gave effect to the same insurance policy exclusion, stating that its language is "clear and unambiguous." *Foremost Ins. Co.*, 343 F. Supp. 3d at 456. That court concluded that this exclusion barred the insured landlord from coverage for the underlying plaintiffs' carbon monoxide poisoning on premises the plaintiffs rented from the landlord. *Id.* at 458.

In short, the Rodriguezes only alleged suffering from exposure to carbon monoxide and carbon monoxide poisoning. When an insurance policy contains a pollutant exclusion provision, courts have relieved insurers from defending against lawsuits based on carbon monoxide poisoning. Based on the current allegations in the underlying complaint, Foremost has stated a claim for relief that it has neither a duty to defend the Mechkovas nor the narrower duty to indemnify the Mechkovas. *See Markel Int'l Ins. Co. v. W. PA Child Care, LLC*, 805 F. Supp. 2d 88, 95 (M.D. Pa. 2011).

## IV. CONCLUSION

For these reasons, the Court denies the Rodriguezes' motion to dismiss and the Mechkovas' motion to dismiss. An appropriate Order will be docketed separately.